UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) <br> ) <br> BYUNG HO KANG and SAERA YOO, ) <br>     Debtors. ) <br> ) <br> ─────────────────── ) <br> ) <br> FOUNTAINHEAD SBF, LLC, ) <br> ) <br>     Movant, ) <br> ) <br> vs. ) <br> ) <br> BYUNG HO KANG and SAERA YOO, ) <br> ) <br>     Respondents. ) | CASE NO. 23-54145-WLH <br><br> CHAPTER 7 <br><br><br><br><br><br><br><br> **CONTESTED MATTER** |

**MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT**

COMES NOW Fountainhead SBF, LLC ("Movant") and submits this its Motion for Order Confirming No Stay in Effect showing the Court as follows:

**KEY FACTUAL AND PROCEDURAL BACKGROUND**

1. Respondents, having filed a voluntary petition pursuant to 11 U.S.C. § 1301 *et seq.*, are subject to the jurisdiction of this Court.

2. This is a Motion pursuant to 11 U.S.C. §§ 362(c)(4)(A)(ii) of the Bankruptcy Code for an Order confirming no stay is in effect in this case.

283178548v.1

3. Movant seeks to pursue its state law rights and remedies to take all necessary steps to consummate a foreclosure and thereafter to retake possession of certain real property.

4. Movant desires to consummate the pre-petition foreclosure proceedings initiated against the Property, by recording the Deed Under Power of Sale, which Movant executed prior to the Debtors filing this case.

5. On or about September 16, 2020, Movant executed a Promissory Note in favor of TSL Group, Inc. ("Borrower") (Respondents and Borrower are collectively referred to herein as "Obligors"), in the amount of $3,608,3000.00 (the "Note"). The Note had a maturity date of September 16, 2030. A true and correct copy of the Note is attached hereto as Exhibit "1" and is incorporated herein by reference.

6. To secure the repayment of the Note, on September 16, 2020, Respondents each executed an Unconditional Guarantee (collectively, the "Guarantees"). True and correct copies of the Guarantees are collectively attached hereto as Exhibit "2".

7. As further security, on September 16, 2020, Respondents executed a Deed to Secure Debt, Assignment of Rents, and Security Agreement (the "Security Deed") wherein they conveyed to Movant all of their right, title, and interest in and

to certain real property situated at 6495 Creekview Circle, Johns Creek, Georgia 30097 (the "Property"). A true and correct copy of the Security Deed is attached hereto as Exhibit "3" and is incorporated herein by reference.

8. Movant properly perfected its security interest in the property described by Security Deed by recording the Security Deed in the real property records of Fulton County, Georgia at Deed Book 62343, Page 397 *et seq*.

9. As of or about September 2022, Borrower was in default under the terms of the Note for, among other things, failure to make timely payments when due.

10. On December 5, 2022, Movant sent a letter to Obligors informing them of the default on the Note and demanding payment on all past due amounts (the "Notice of Default"). A true and correct copy of the Notice of Default is attached hereto as Exhibit "4" and is incorporated herein by reference.

11. Obligors failed to cure the default.

12. On January 19, 2023, Movant sent a letter to Borrower and Respondents informing them that the total amount of the debt was accelerated and declared due and payable in full (the "Notice of Acceleration"). This letter also informed Borrower and Respondents that Movant intended to exercise the foreclosure remedy available to it under the Security Deed and included the advertisement announcing

the foreclosure sale scheduled for April 4, 2023. A true and correct copy of the Notice of Acceleration, including the advertisement, is attached hereto as Exhibit "5" and is incorporated herein by reference.

13. Borrower and Respondents failed to cure the default or pay the delinquent balance due and outstanding under the Notes on or before the dates specified in the Notice of Default or Notice of Acceleration.

14. Movant caused to be published advertisements for Movant's scheduled April 4, 2023 foreclosure sale of the Property, in *The Daily Report*, the official organ for the publishing of legal advertisements for Fulton County, Georgia, once a week for the four weeks prior to sale of the property. Attached hereto as Exhibit "6" is a true and correct copy of the Publisher's Affidavit reflecting Movant caused said advertisements to appear.

15. On April 4, 2023, Movant conducted a foreclosure sale pursuant to the power of sale in the Security Deed (the "Sale").

16. At the Sale, the Property was sold to Movant, as highest bidder, for $270,000.00. *See*, Exhibit 7.

17. On May 1, 2023, Movant executed a Deed Under Power of Sale memorializing the Sale of the Property to Movant as the highest bidder. A true and

283178548v.1

correct copy of the executed, but still-unrecorded, Deed Under Power of Sale is attached hereto as Exhibit "7" and is incorporated herein by reference.

18. In an abundance of caution, Movant seeks an order confirming no stay in effect in this case so it may proceed with its available state law rights and remedies as to the Property.

19. On May 2, 2023 (the "Petition Date"), Debtors filed this case and Voluntary Petition [Doc. 1].

20. Debtors have not filed any Schedules or Chapter 13 Plan. (*See* Doc. 8).

21. On May 16, 2023, Debtors filed a Motion to Voluntarily Convert Case from Chapter 13 to Chapter 7. [Doc. 12].

22. On May 16, 2023, the clerk converted this case to a Chapter 7 case.

## ARGUMENT AND CITATION OF AUTHORITY

### I. The Debtors' Rights and Title in the Property Were Divested at the Time of Foreclosure Sale and Prior to Filing the Petition.

"Whether a debtor's equitable right of redemption is terminated by a foreclosure sale is a question of state law." Howard v. Citizens Bank of Cochran (In re Howard), 351 B.R. 251, 255 (Bankr. M.D. Ga. 2006) (citations omitted). Under Georgia law, a valid foreclosure divests all of the debtor's rights and title in the property; thus a foreclosure sale held prior to the commencement of the debtor's bankruptcy case terminates the debtor's equity of redemption. Pearson v. Fleet Fin.

Center, Inc. (In re Pearson), 75 B.R. 254, 255 (Bankr. N.D. Ga. 1985) (citing Carrington v. Citizens Bank of Waynesboro), 144 Ga. 52, 85 S.E. 1027 (Ga. 1915) and McKinney v. South Boston Sav. Bank, 156 Ga. App. 114, 274 S.E.2d 34 (Ga. App. 1980)). It is thus critical to determine when a foreclosure sale is complete.

Under Georgia law, a debtor's equity of redemption expires when the high bid is received at the foreclosure sale. *See* Pearson, 75 B.R. at 255. Indeed,

> [t]he Bankruptcy Courts for the Northern District of Georgia and the Southern District of Georgia have held that a debtor's equity of redemption terminates upon sale to the highest bidder on the date the foreclosure sale is held even though the foreclosure deed is not recorded until after the debtor filed for bankruptcy relief.

In re Hinson Mgmt. Grp., No. 12-58962-CRM, 2012 Bankr. LEXIS 2694, at *3-5 (Bankr. N.D. Ga. June 8, 2012).

In this case, Debtors' equitable right of redemption terminated on April 4, 2023, when Movant conducted the Sale. Although the Deed Under Power of Sale was not recorded prior to the filing of Debtors' Voluntary Petition, the Property sold at auction to the highest bidder prior to the Petition Date. Thus, the Debtors were divested of all rights and title to the Property, including the right of equity of redemption, when the Sale was completed on April 4, 2023. Moreover, Movant executed the Deed Under Power of Sale memorializing the transaction prior to the Petition Date. *See*, *e.g.*, Ex. 6; *cf.* Dkt. 1. When Debtors filed their Voluntary Petition

commencing this bankruptcy case, they had no rights or title to the Property; therefore, the Property is not a part of the bankruptcy estate and should not be subjected to the automatic stay.

WHEREFORE, Movant prays for the following relief:

(A) an Order confirming the automatic stay does not apply to the Property in substantially the same form as the proposed Order filed herewith;

(B) that the Court deny any imposition of the automatic stay as to Movant;

(C) for such other and further relief as the Court deems just and equitable.

Respectfully submitted this 19th day of May, 2023.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No. 562374
Ciara N. Lowe
Georgia Bar No. 658035

*Counsel for Fountainhead SBF LLC*

3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
470-419-6650 (main)
470-419-6651 (facsimile)
lee.washburn@wilsonelser.com
ciara.lowe@wilsonelser.com

283178548v.1

# CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the within and foregoing **Motion for Order Confirming No Stay In Effect** upon the following by filing it with the Clerk of Court using the CM/ECF system which will automatically send an email notification of such filing to the following, or through first class U.S. Mail, postage prepaid:

| | |
|---|---|
| Soo J. Hong<br>Blevins & Hong, P.C.<br>191 Roswell St.<br>Marietta, GA 30060<br>*Attorney for Debtor* | S. Gregory Hays<br>Hays Financial Consulting, LLC<br>Suite 555<br>2964 Peachtree Road<br>Atlanta, GA 30305<br>*Chapter 7 Trustee* |
| Byung Ho Kang<br>Saera Yoo<br>6495 Creekview Circle<br>Duluth, GA 30097<br>*Debtors* | Office of the United States Trustee<br>362 Richard Russell Building<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303 |

Dated: May 19, 2023.

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No. 562374
*Attorney for Movant*
*Fountainhead SBF, LLC*

283178548v.1